# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Cline,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-1418** (Hancock County 12-P-35)

**The County Commission of Hancock County,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Cline, appearing *pro se*, appeals two orders of the Circuit Court of Hancock County. In the first order, entered November 2, 2012, the circuit court denied petitioner's petition for writ of supersedeas that challenged respondent's May 31, 2012 order establishing new rates for an excess levy after the voters had approved an additional levy at a special election held on May 8, 2012. In the second order, entered December 5, 2012, the circuit court denied petitioner's motion to alter or amend judgment. Respondent Hancock County Commission, by counsel William T. Fahey, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a resident taxpayer in Hancock County, West Virginia. On July 7, 2009, petitioner filed a petition for writ of supersedeas challenging the validity of respondent's May 31, 2012 order establishing new rates for an excess levy after the voters had approved an additional levy at a special election held on May 8, 2012.[1] The petition was seconded by forty-three other resident taxpayers of Hancock County. *See* W.Va. Code § 11-8-22 (a circuit court may grant a writ of supersedeas if petitioned by "at least twenty-four persons interested in reversing the [levy] order.").

The purpose of the levy was to provide additional financial support for the Hancock

---

[1] The special excess levy election was held at the same time as the regularly scheduled May 8, 2012 primary election.

1

County Animal Shelter Foundation ("Foundation") for the fiscal years beginning July 1, 2012, July 1, 2013, July 1, 2014, and July 1, 2015, "[to] be used for operational costs, including animal care needs and shelter supplies."[2] Pursuant to a lease and an operating agreement, respondent contracts with the Foundation "with respect to the care, maintenance, control and destruction of dogs and cats pursuant to Chapter 19, Article 20 of the West Virginia Code." In his petition, petitioner contended that respondent lacked the authority to provide direct financial support to a private organization such as the Foundation and that the Foundation's goal of being a "low-kill" animal shelter went beyond respondent's statutory obligations to stray dogs and cats. Respondent subsequently filed a response to the petition.

The circuit court held a status hearing on the petition on October 26, 2012. The circuit court initially informed the parties that a full hearing would be held only "[i]f the petition is granted." Petitioner did not object. Next, the circuit court addressed respondent's concern that petitioner was engaged in the unauthorized practice of law to the extent that he was representing the other taxpayers who had signed his petition. Petitioner informed the circuit court that he "need[ed] some direction on what I'm allowed to do and what I'm not allowed to do[.]" The circuit court ruled that having at least twenty-four other signatories to his petition gave petitioner standing to pursue the matter pursuant to West Virginia Code § 11-8-22, but that petitioner was advocating for a legal position, and "not necessarily for other people." The circuit court, therefore, concluded that petitioner was not engaged in the unauthorized practice of law. Consistent with its initial ruling, the circuit court further ruled that the other taxpayers would be provided with notice of future proceedings only "if there needs to be a [full] hearing on the matter." The circuit court inquired of the parties whether they thought this would be a fair procedure. Petitioner did not object.[3] The circuit court also questioned petitioner about the nature of his petition.

By an order entered November 2, 2012, the circuit court denied the petition for a failure to state a claim on which relief could be granted. The circuit court reasoned as follows:

> It is apparent to the Court that the [petitioner's] issues with the Levy Order and reasons for seeking the writ of supersedeas center upon the operation and administration of the Hancock County Animal Shelter. Disputes and concerns with the operation and
>
> administration of the Hancock County Animal Shelter should be

---

[2] In *Cline v. Hancock County Commission*, No. 12-0799, 2013 WL 3388232 (W.Va. Supreme Court, July 8, 2013) (memorandum decision), petitioner challenged an earlier order by respondent that called for a special election on October 4, 2011, to approve an additional excess levy for the Foundation for the 2012, 2013, and 2014 fiscal years. After the voters defeated that excess levy in the October 4, 2011, special election, the circuit court dismissed as moot petitioner's action. This Court affirmed.

[3] According to the transcript of the October 26, 2012, status hearing, petitioner's answer was: "You're the judge."

addowed with [respondent,] and not this Court.

On November 13, 2012, petitioner filed motion to alter or amend the circuit court's November 2, 2012 order which the court subsequently denied.[4] Petition now appeals both the circuit court's November 2, 2012 order and its December 5, 2012 order denying his motion to alter or amend.

We review de novo the circuit court's denial of the petition for a failure to state a claim on which relief can be granted. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). This standard of review also applies to the circuit court's order denying petitioner's motion to alter or amend judgment pursuant to Syllabus Point One of *Wickland v. American Travellers Life Insurance Company*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

On appeal, petitioner raises two procedural issues that we find were waived because petitioner failed to object. "The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). Petitioner first assigns error to the circuit court's not providing notice of the October 26, 2012, status hearing to the other taxpayers. We find that before the October 26, 2012, hearing, the status of the other taxpayers was unclear because none had appeared, either in person or by counsel. Respondent was concerned that petitioner was engaged in the unauthorized practice of law. Petitioner informed the circuit court that he needed instruction on what he could and could not do. The circuit court ruled that petitioner had standing to represent himself in the matter and could advocate for a certain position, but "not necessarily for other people." The circuit court specifically inquired of the parties whether it was a fair procedure to provide the other taxpayers with notice only "if there needs to be a [full] hearing on the matter." Petitioner did not object and, therefore, waived this issue.

Second, petitioner assigns error to the circuit court's deciding the merits of the case without a full hearing. The circuit court indicated twice that it intended to hold a full hearing only if it determined that one was necessary. Petitioner did not object at either time and, therefore, waived this issue as well.

As to the merits of his case, petitioner acknowledges that respondent has the authority to operate a county dog pound and to contract with the Foundation to provide the county with animal care services. Petitioner relies on statutory definitions found within the Code of Virginia for the proposition that there is a legally significant distinction between a "dog pound" and an "animal shelter." In petitioner's view, an animal shelter is a privately-operated entity whose purpose it is to care for animals for however long it is necessary to find them a permanent home. Petitioner argues that operating an animal shelter goes beyond respondent's statutory obligations to stray dogs and cats. Respondent notes that petitioner relies on Virginia's statutory definitions and argues that

---

[4] Respondent had responded to the motion on November 15, 2012.

West Virginia courts have no obligation to adopt Virginia's definitions as their own.

This Court notes that respondent has discretion regarding the management of the county's affairs. *See* Syl. Pt. 1, *County Commission of Greenbrier County v. Cummings*, 228 W.Va. 464, 720 S.E.2d 587 (2011) ("[T]he county courts [now county commissions] of this State are vested with a wide discretion in the superintendence and administration of the internal police and fiscal affairs of their counties.") (quoting Syl. Pt. 1, in part, *Meador v. County Court of McDowell County*, 141 W.Va. 96, 87 S.E.2d 725 (1955)). The Court in Syllabus Point One of *Meador* further held that a county commission's discretion would not be disturbed "in the absence of a clear legal right on the part of the petitioner." Therefore, because petitioner failed to show that he had a clear legal right to the invalidation of respondent's May 31, 2012 order establishing the new levy rates, we conclude that the circuit court did not err in denying the petition and in denying the motion to alter and amend judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4